**DENVER JETCENTER, INC.,**
Plaintiff–Appellee,

v.

**ARAPAHOE COUNTY BOARD OF EQUALIZATION and Edward G. Bosier, in his official capacity as Arapahoe County Assessor, Defendants–Appellants.**

No. 04CA2050.

Colorado Court of Appeals,
Div. III.

April 20, 2006.

Certiorari Denied Dec. 4, 2006.

Lowe, Fell & Skogg, LLC, Kenneth K. Skogg, Jannine R. Mohr, Denver, Colorado, for Plaintiff–Appellee.

Kathryn L. Schroeder, County Attorney, George Rosenberg, Assistant County Attorney, Littleton, Colorado, for Defendants–Appellants.

TAUBMAN, J.

In this case concerning the valuation of possessory interests at a public airport, defendants, Arapahoe County Board of Equalization (ABOE) and the Arapahoe County Assessor, appeal the trial court's judgment in favor of plaintiff, Denver jetCenter, Inc. (jetCenter). We affirm.

JetCenter is a fixed-base operator at the Centennial Airport and leases real property at the Airport from the Arapahoe County Public Airport Authority. Specifically, jetCenter has two leases with the Authority: the CSX Beckett Lease and the Colorado Air Center Lease (leased parcels).

As one of three fixed-base operators at the airport, jetCenter provides fuel and other goods and services to aircraft owners, passengers, and personnel who use the Airport. The Airport is a federally funded, public airport regulated by the Federal Aviation Administration.

In April 2001, the Assessor issued real property notices of valuation to jetCenter for the 2001 tax year, which jetCenter appealed to the ABOE. The Assessor and the ABOE denied the protests, and jetCenter appealed the ABOE's denial to the district court for a trial de novo pursuant to § 39–8–108(1), C.R.S.2005.

Before trial, jetCenter and the ABOE stipulated that the leased parcels were taxable possessory interests and that the only issue before the court was the valuation of the parcels. After hearing evidence and reviewing the parties' stipulation of facts, the trial court found that the ABOE improperly calculated the value of the leased parcels because it included all areas outside the building footprints in its valuation. The trial court held that § 39–1–103(17)(a)(II)(B), C.R.S.2005, required the ABOE to exclude these areas from the valuation because they were not subject to jetCenter's exclusive use and possession. This appeal followed.

The ABOE contends that the trial court erred in finding that all areas on the leased parcels other than the building footprints were not subject to jetCenter's exclusive use and possession and therefore were subject to the exception set forth in § 39–1–103(17)(a)(II)(B). The ABOE argues that these areas were exclusively used or possessed by jetCenter, and therefore properly included in the valuation, because (1) jetCenter has the right to exclude others from making the same use of these areas; (2) exclusivity here does not require absolute control or absolute exclusivity; and (3) jetCenter has a special right of access for profit to these areas. We disagree.

The dispositive issue here is narrow and one of first impression in Colorado. We must determine whether certain portions of a taxable possessory interest belonging to a fixed-base operator at a federally funded,

public airport are subject to the operator's exclusive use or possession, and whether rents from those portions are included in the computation of the value of the leased parcels under § 39–1–103(17)(a)(II)(B).

When interpreting a statute, we must give effect to the General Assembly's intent and adopt the statutory construction that best effectuates the purposes of the legislative scheme, looking first to the plain language of the statute. *Wallbank v. Rothenberg,* 2006 WL 301100, 140 P.3d 177 (Colo. App. No. 04CA1731, Feb. 9, 2006). If the language is clear and unambiguous, we need not resort to the interpretive rules of statutory construction. *Rivera–Bottzeck v. Ortiz,* 2006 WL 408322, 134 P.3d 517 (Colo.App. No. 04CA1628, Feb. 23, 2006).

When a party appeals a board of equalization decision to the trial court, we defer to the trial court's findings of fact unless they are clearly erroneous and not supported by the record. *Arapahoe County Bd. of Equalization v. Podoll,* 935 P.2d 14 (Colo.1997). However, we review its legal conclusions de novo. *E.I. DuPont De Nemours & Co. v. Douglas County Bd. of Equalization,* 75 P.3d 1129 (Colo.App.2003).

## I. Right to Exclude Others

The ABOE first argues that the areas of the leased parcels outside the building footprints are properly included in the valuation because jetCenter has the right to exclude others from using these areas under *Board of County Commissioners v. Vail Associates, Inc.,* 19 P.3d 1263 (Colo.2001). We disagree.

In 1996, the General Assembly declared that "the valuation of possessory interests in exempt properties is uncertain and highly speculative" and enacted § 39–1–103(17), C.R.S.2005, to provide specific standards for the valuation of those interests. In § 39–1–103(17)(a), C.R.S.2005, the General Assembly declared that it was necessary to provide specific standards for the appropriate consideration of the cost approach, the market approach, and the income approach to appraisal in the valuation of possessory interests to eliminate the potential for unjust and unequalized valuations.

Section 39–1–103(17)(a)(II)(B), as relevant here, states:

> The rents or fees taken into account under the cost or income approach to appraisal under sub-subparagraph (A) of this sub-paragraph (II) shall exclude that portion of the rents and fees required to be paid for all rights other than the exclusive right to use and possess the land, improvements, or personal property. Such rents or fees to be excluded shall include, but shall not be limited to, any portion of such rents or fees attributable to any of the following: Non-exclusive rights to use and possess public property, such as roads, rights-of-way, easements, and common areas . . . .

However, Colo. Sess. Laws 1998, ch. 297, § 39–1–103(17)(a) at 306, now codified as § 39–1–103(17)(a), C.R.S.2005, provided that the statute would become effective only if the Colorado Supreme Court determined that the Colorado Constitution requires that possessory interests in land be taxed. Section 39–1–103(17) became effective in 2001 when the supreme court so decided in *Board of County Commissioners v. Vail Associates, Inc., supra.*

In *Vail Associates,* the supreme court determined whether a ski resort's possessory interest in federal land was taxable. It held that § 39–1–103(17) is constitutional and that possessory interests in land are taxable if they meet a three-pronged test demonstrating ownership related to the party's right to possession, use, enjoyment, and profits of the property.

Under the *Vail Associates* test, a possessory interest in tax-exempt property is taxable if: (1) the interest provides a revenue-generating capability to the private owner independent of the government property owner; (2) the possessory interest owner is able to exclude others from making the same use of the interest; and (3) the possessory interest is of sufficient duration to realize a private benefit therefrom. *Bd. of County Comm'rs v. Vail Assocs., Inc., supra.*

Here, the ABOE argues that under the second prong of the *Vail Associates* test, the

leased areas outside the building footprints are exclusively used and possessed by jet-Center and therefore are included in the valuation under § 39–1–103(17)(a)(II)(B). We are not persuaded.

In *Vail Associates,* the supreme court clearly stated that the valuation of possessory interests under § 39–1–103(17)(a)(II)(B) was not at issue. In a footnote, the court stated: "Because the application of the legislature's valuation criteria for possessory interests is not at issue in the cases before us, we do not construe the meaning or effect of section 39–1–103(17) here." *Bd. of County Comm'rs v. Vail Assocs., Inc., supra,* 19 P.3d at 1279 n. 22.

Nevertheless, in the same footnote, the supreme court stated in dictum that the valuation criteria in § 39–1–103(17)(a)(II)(B)

appear to reflect the three factors we have identified from Colorado precedent as exhibiting the significant incidents of private ownership that are the predicate for taxation of possessory interests in government-owned lands: an interest that provides a revenue-generating capability to the private owner independent of the government owner; *ability to exclude others making the same beneficial use;* and sufficient duration of the interest for realizing a private benefit therefrom.

*Bd. of County Comm'rs v. Vail Assocs., Inc., supra,* 19 P.3d at 1279 n. 22. (Emphasis added.)

Thus, the above dictum suggests that exclusivity for purposes of determining the valuation of a possessory interest under § 39–1–103(17)(a)(II)(B) should be the same as exclusivity for purposes of determining the existence of a taxable possessory interest as described in *Vail Associates.*

Here, the areas outside the building footprints consist mostly of paved lanes running to and from the runways, terminal, aircraft hangars, tie-down areas, and repair shops. The Airport manager testified at trial that jetCenter could not exclude the general public from using any of the paved areas outside the building footprints or erect any barriers on these areas without breaching its lease.

Therefore, the record supports the determination that jetCenter does not have the exclusive right to use or possess the areas outside the building footprints under § 39–1–103(17)(a)(II)(B). Furthermore, jetCenter does not have the ability to exclude others from making the same beneficial use of these areas under the second prong of the *Vail Associates* test. Accordingly, the areas outside the building footprints are not subject to jetCenter's exclusive use and possession and thus are excluded from valuation for tax purposes under § 39–1–103(17)(a)(II)(B).

The ABOE also cites an administrative decision later affirmed by a division of this court in support of its argument that the areas of the leased parcels outside the building footprints are included in the valuation because jetCenter has the right to exclude others from using these areas. *See Trugoy, Inc. v. Denver County Bd. of Comm'rs,* Docket Nos. 41193–41195 (Colo. Bd. of Assessment Appeals), *aff'd,* (Colo.App. No. 04CA0331, May 19, 2005)(not published pursuant to C.A.R. 35(f)). Although that administrative decision concerned the taxability of possessory interests at Denver International Airport (concessions to sell food), it is not precedent and in any event would be inapplicable here because it decided whether the interests were taxable, not whether they were valued appropriately.

## II. Absolute Control or Exclusivity

The ABOE contends, in the alternative, that the areas outside the building footprints are properly included in the valuation because exclusivity, as applied in *Vail Associates,* does not require absolute control or absolute exclusivity. We disagree.

For this proposition, the ABOE relies on a parenthetical citation of *Power Resources Cooperative v. Department of Revenue,* 330 Or. 24, 996 P.2d 969, 973 (2000), in footnote 21 of *Vail Associates.* In our view, the ABOE misapprehends the import of that parenthetical citation.

Footnote 21 of *Vail Associates* does not state that exclusivity, in the context of the valuation of possessory interests for tax purposes, may exist without absolute control or absolute exclusivity. Rather, footnote 21 of

*Vail Associates* cites a series of cases to demonstrate that other jurisdictions have adopted tests similar to its three-prong test for determining whether possessory interests are taxable.

*Power Resources Cooperative* is merely one of these cases. Moreover, the parenthetical language upon which the ABOE relies merely notes that absolute control and absolute exclusivity are not required to find that a possessory interest is taxable in Oregon. Thus, *Vail Associates* does not hold that exclusivity for valuation purposes may exist without absolute control or absolute exclusivity in Colorado.

### III. Special Right of Access

Finally, the ABOE contends that the areas outside the building footprints should be included in the valuation because jetCenter had a special right of access for profit to them under *Scott–Free River Expeditions, Inc. v. County of El Dorado*, 203 Cal.App.3d 896, 250 Cal.Rptr. 504 (1988). We disagree.

In *Scott–Free*, commercial rafting outfitters challenged a county assessor's determination that their use of navigable rivers for commercial whitewater rafting constituted a taxable possessory interest. Therefore, *Scott–Free* did not concern the valuation of a possessory interest; rather, like *Vail Associates*, it determined whether a possessory interest was taxable. Thus, *Scott–Free* is inapposite.

Accordingly, the trial court properly found that all areas of the leased parcels outside the building footprints were subject to jetCenter's nonexclusive use and possession and therefore subject to the exception from valuation set forth in § 39–1–103(17)(a)(II)(B).

The judgment is affirmed.

Judge ROY and Judge LOEB concur.