John HOLCOMB, Plaintiff–Appellant,

v.

STEVEN D. SMITH, INC.; Design Benefits, Inc.; America's Health Care/Rx Plan Agency, Inc.; and Does 15, Defendants–Appellees.

No. 06CA0997.

Colorado Court of Appeals, Div. IV.

Sept. 6, 2007.

Lisa W. Stevens, Monument, Colorado, for Plaintiff–Appellant.

No Appearance for Defendants–Appellees.

Opinion by Judge GRAHAM.

Plaintiff, John Holcomb, appeals the district court's partial summary judgment in favor of defendants, Steven D. Smith, Inc., Design Benefits, Inc., America's Health Care/Rx Plan Agency, Inc., and Does 1–5. We reverse and remand.

Plaintiff has a residential services telephone number that has been registered on the Colorado no-call list since July 2003. He uses the telephone number as a residential number but also publishes it as a business number in advertisements. Between February and April 2005, defendants, without plaintiff's consent, called plaintiff's telephone number for the purposes of telemarketing. Thereafter, plaintiff filed suit under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Colorado Consumer Protection Act (CCPA), specifically, the Colorado No–Call List Act, §§ 6–1–901 to –908, C.R.S.2006.

The district court entered partial summary judgment for defendants, concluding that a telephone number that is used for both personal and business purposes is not covered by the TCPA or the Colorado No–Call List Act. The court also noted that if "Plaintiff had not published his telephone number as a business number, perhaps the ruling would be different." After the court certified its partial summary judgment as final under C.R.C.P. 54(b), plaintiff appealed.

I.

Summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613 (Colo.1999). We review a grant of summary judgment de novo. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 298–99 (Colo.2003).

II.

Plaintiff contends that the district court erred in concluding that residential subscriber home telephone numbers that are registered on the no-call list are not protected under the Colorado No–Call List Act if they are also listed or published as a person's business telephone number and used for both personal and business purposes. We agree.

Initially, we note that in *Holcomb v. Jan–Pro Cleaning Systems*, 2007 WL 510198 (Colo. No. 06SC757, Feb. 20, 2007), the supreme court has granted certiorari on this same issue in a companion case, El Paso County District Court Case No. 06CV1687, in which the district court ruled as it did here. However, the supreme court has not yet issued a decision.

When interpreting a statute, we must give effect to the General Assembly's intent and adopt the statutory construction that best effectuates the purposes of the legislative scheme, looking first to the plain language of the statute. If the language is clear and unambiguous, we must interpret it as written, *Progressive Specialty Ins. Co. v. Hartford Underwriters Ins. Co.*, 148 P.3d 470, 472 (Colo.App.2006), and we need not resort to the interpretive rules of statutory construction. *Denver jetCenter, Inc. v. Arapahoe County Bd. of Equalization*, 148 P.3d 228, 230 (Colo.App.2006).

Section 6–1–904(1)(a), C.R.S.2006, states:

No person or entity shall make or cause to be made any telephone solicitation to the telephone of any residential subscriber or wireless telephone service subscriber in this state who has added his or her telephone number and zip code to the Colorado no-call list in accordance with rules promulgated under section 6–1–905.

(Emphasis added.)

" 'Residential subscriber' means a person who has subscribed to residential telephone service with a local exchange provider, as defined in section 40–15–102(18), C.R.S. 'Person' also includes any other persons living or residing with such person." § 6–1–903(9), C.R.S.2006.

Under the plain language of the Colorado No–Call List Act, if a person subscribes to a residential telephone service and has added that telephone number to the Colorado no-call list, that telephone number is protected

from receiving telephone solicitations. The statute contains no exceptions or qualifying language whereby a residential subscriber home telephone number loses the protection of the Colorado No–Call List Act if that telephone number is also used for business purposes or published as the contact telephone number for a person's business. Nor does the statute provide that using the residential subscriber home telephone number for business purposes transforms the telephone number's classification from a residential listing to a business listing. Rather, the Colorado No–Call List Act unambiguously provides that if a person registers a residential subscriber home telephone number on the Colorado no-call list, that telephone number is per se protected under the Colorado No–Call List Act.

Because the Colorado No–Call List Act does not exempt from protection residential subscriber home telephone numbers that are registered on the no-call list and are used for both personal and business purposes, we will not read into the statute such an exception. *See Titan Indem. Co. v. Sch. Dist. No. 1,* 129 P.3d 1075, 1077 (Colo.App.2005).

We conclude that the structure, context, and clear and unambiguous import of the language used in the Colorado No–Call List Act reveal an unmistakable intent on the part of the General Assembly to protect the statutorily defined classification of "residential subscriber," without inquiry into how the home telephone is being used. Accordingly, we conclude that the district court erred in ruling that defendants did not violate the Colorado No–Call List Act.

### III.

Plaintiff requests attorney fees under section 6–1–113(2)(b), C.R.S.2006. This section mandates costs and reasonable attorney fees in favor of a successful CCPA claimant. Therefore, on remand plaintiff will have an opportunity to establish that he is a successful CCPA claimant, and if so, he is entitled to attorney fees. To award them here would be premature. Plaintiff is entitled to his appellate costs pursuant to C.A.R. 39(a).

The summary judgment on plaintiff's claim of violation of the Colorado No–Call List Act is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

Judge VOGT and Judge HAWTHORNE concur.